IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DEWAYNE ORR, # K4961**                                                                **PLAINTIFF**

**V.**                                                                **CIVIL ACTION NO. 5:16CV38-DCB-MTP**

**MANAGEMENT AND TRAINING
CORPORATION, ET AL**                                                        **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court for an evaluation of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having considered the record and applicable law and having conducted a *Spears*[1] hearing on the issues, the undersigned recommends that the claims against all Defendants be dismissed with prejudice.

<u>**JURISDICTION AND SUMMARY OF CLAIMS**</u>

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff was incarcerated at the Wilkinson County Correctional Facility ("WCCF") during the alleged events, and is currently incarcerated there. The Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears*[2] hearing.

According to Plaintiff, on March 28, 2016, he called his brother from a wall phone in the prison. Plaintiff claims he instructed his brother, who is not in prison, to call and text a doctor that Plaintiff knows. However, Plaintiff claims that this doctor informed prison staff that it was Plaintiff that had called the doctor from a cell phone.

The next day, Investigator Michael Jaynes called Plaintiff into his office. Also present

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The hearing was held February 23, 2017.
[2] *See Flores v. Livingston*, 405 Fed App'x 931, 932 (5th Cir. 2010) (stating that allegation made

1

were Defendant prison employees Ella Scott, Warden Bradley, and Gabriel Walker. Jaynes allegedly called the cell phone number from which the doctor received the calls, let Plaintiff listen to the voicemail introduction on it, and asserted that it was Plaintiff's voice on the voicemail. According to Plaintiff DeWayne Orr, the voicemail identified the owner as a "Little Wayne." Jaynes accused Plaintiff of personally calling and texting the doctor from the cellphone and asking him for money. When Plaintiff denied having a cell phone, he alleges that Jaynes then searched him, "got in his face," yelled at him using derogatory terms, and demanded to know the location of the cell phone.

According to Plaintiff, Jaynes issued him a Rule Violation Report ("RVR"), accusing him of possessing the cell phone. Plaintiff claims this incident should have not have occurred as he claims he did not have a cell phone, and that Defendants Ella Scott, Warden Bradley, and Walker should have intervened to stop the questioning and alleged mistreatment.

Plaintiff claims that that this RVR was dismissed the next day. He also stated that he suffered no physical harm, incurred no damages from the incident, and was not assaulted by Jaynes.

## ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

---

at a *Spears* hearing supersede claims alleged in the complaint).

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K . Eby Constr. Co. v. Dallas Area Rapid Trans*it, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co*., 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Plaintiff is suing Jaynes because of the treatment he received during the encounter, and sues the other defendants for failing to stop this alleged mistreatment. However, mere verbal abuse and threating gestures do not state a claim. "It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)). "[M]ere

3

threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 998 (1983). Plaintiff alleges Jaynes was less than cordial during the encounter, "got in his face," and that the other defendants did not stop it. However, under the facts as alleged by Plaintiff at the hearing, none of the defendants violated his constitutional or federal statutory rights, and these claims should be dismissed. *See Barnes v. Banks*, Civ. Act. No. 5:09-CV-102 DCB-MTP, 2009 WL 3152891, at *1 (S.D. Miss. Sept. 24, 2009) (dismissing § 1983 complaint claiming that officer used racially defamatory language towards the Plaintiff under 28 U.S.C. § 1915 for failure to state a claim and assigning Plaintiff a strike).[3]

## RECOMMENDATION

Plaintiff has failed to state any claim and his claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The undersigned recommends that this action be dismissed with prejudice, and that the dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g).

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the

---

[3] As mentioned above, the RVR against Plaintiff was immediately dismissed, and Plaintiff claims he suffered no physical injury. To the extent that Plaintiff is claiming he suffered emotional damages from the incident that claim is barred by the physical injury requirement of 42 U.S.C. § 1997e(e).

proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    This, this the 27th day of February, 2017.

                                               s/ Michael T. Parker
                                               United States Magistrate Judge