```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

DEWAYNE ORR, #K4961                                      PLAINTIFF

VS.                              CIVIL ACTION NO. 5:16-cv-38-DCB-MTP

MICHAEL JAYNES;
CAPTIAN ELLA SCOTT;
WARDEN JODY BRADLEY;
GABRIEL WALKER                                           DEFENDANTS

             ORDER ADOPTING REPORT AND RECOMMENDATIONS

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation (docket entry 35). Having carefully reviewed the Report and Recommendation, the Plaintiff's letter response thereto, and applicable statutory and case law, the Court finds that the Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because he has failed to state any claim upon which relief may be granted.

## I. Background

Plaintiff Dewayne Orr ("Orr") filed a complaint on May 11, 2016, while incarcerated at the Wilkinson County Correctional Facility ("WCCF"). See Complaint (docket entry 1). On the same day, the Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis. See Motion (docket entry 2). The Motion was granted by Magistrate Judge Parker on June 22, 2016. See Order (docket entry

5). The Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the <u>Spears</u>[1] hearing.

The issue is whether or not the Plaintiff was in violation of rules promulgated by prison authorities by being in possession of a cell phone. According to Plaintiff, on March 28, 2016, he called his brother from a wall phone in the prison and instructed him to call and text a doctor for reasons irrelevant to the issue now before the court. However, Plaintiff claims that this doctor informed the prison staff that it was Plaintiff who placed the call.

On the next day, prison staff investigator Michael Jaynes ("Jaynes") called Plaintiff into his office. Jaynes was accompanied by three other prison employees: Ella Scott, Warden Bradley, and Gabriel Walker. Jaynes allegedly called the cell phone number from which the doctor received the calls and allowed Plaintiff to listen to the voicemail introduction. Jaynes asserted that it was Plaintiff's voice on the voicemail introduction. Jaynes accused Plaintiff of personally calling and texting the doctor from the cell phone. Plaintiff denies having a cell phone and alleges that, in response to his denial, Jaynes searched Plaintiff, "got in his face," yelled derogatory terms, and demanded to know the location of the phone. <u>See</u> Complaint (docket entry 1).

---

[1] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

Plaintiff asserts that: (1) he did not have a cell phone; and, (2) Defendants Ella Scott, Warden Bradley, and Gabriel Walker should have intervened to stop the alleged mistreatment. Plaintiff states that he suffered no physical harm, incurred no damages from the incident, and was not assaulted by Jaynes.

II. Magistrate Judge's Recommendation

Magistrate Judge Parker entered his Report and Recommendation on February 27, 2017, wherein he considers Plaintiff's claims and recommends that Plaintiff has failed to state any claims and that they should be dismissed. He further recommends that the plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See Report and Recommendations (docket entry 35). Moreover, the Magistrate Judge recommends that this action be dismissed with prejudice, and that the dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g). Id.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings in forma pauperis.2 In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467

---

2 The Court shall dismiss the case at any time if the Court determines that . . . "(B) the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or, (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

3

(5th Cir. 2004)(quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). However, the Court may not accept legal conclusions as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id.

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." In re S. Scrap Material Co., 541 F.3d 584, 587 (5th Cir. 2008)(quoting Twombly, 550 U.S. at 556).

However, mere verbal abuse and threatening gestures are insufficient to state a claim. The Magistrate Judge indicates, "[i]t is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (citing Bender v. Brumley, 1 F.3d

4

271, 274 n.4 (5th Cir. 1993)). "[M]ere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983), cert. denied, 464 U.S. 998 (1983). Plaintiff alleges Jaynes was less than cordial during the encounter. However, the Magistrate Judge concludes that under the facts as alleged by Plaintiff at the hearing, none of the defendants violated his constitutional or federal statutory rights, and these claims should be dismissed. See Barnes v. Banks, Civ. No. 5:09-CV-102-DCB-MTP, 2009 WL 3152891, at *1 (S.D. Miss. Sept. 24, 2009)(dismissing § 1983 complaint claiming that officer used racially defamatory language towards the Plaintiff under 28 U.S.C. § 1915 for failure to state a claim and assigning Plaintiff a strike).[3]

### III. Order

The Court has carefully considered the Plaintiff's claims, as well as the Magistrate Judge's Report and Recommendation, and therefore agrees that the Plaintiff has failed to state any claim and that his claims should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Furthermore, the dismissal shall count as a "strike" pursuant to 28 U.S.C. § 1915(g). The Court has

---

[3] As mentioned above, Plaintiff claims he suffered no physical injury. To the extent that Plaintiff is claiming he suffered emotional damages from the incident, that claim is barred by the physical injury requirement of 42 U.S.C. § 1997e(e).

5

taken notice of Plaintiff's letter requesting to dismiss the civil case. The letter is in agreement with Magistrate Judge Parker's recommendation.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Parker's Report and Recommendation is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE;

FURTHER ORDERED that the dismissal is a "STRIKE" pursuant to 28 U.S.C. § 1915(g).

A Final Judgement dismissing the action with prejudice will follow in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this the 31st day of May, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE